

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-3041
Re: The authority of the commissioners'
court of Potter County to authorize
appointment of a clerk by the dis-
trict attorney.

Your recent request for an opinion of this department
upon the question as is herein stated has been received.

We quote from your letter as follows:

"The Commissioners' Court of Potter County
has requested that we obtain the opinion of your
office as to their power to authorize the appoint-
ment of a clerk for the District Attorney for the
47th Judicial District, composed of Potter, Arm-
strong and Randall Counties. The District Attor-
ney has briefed this question, and his brief is
appended hereto and made a part hereof.

"We hesitate to express an opinion at variance
with that of the District Attorney, but, in view
of the fact that your office has on many occasions
held unconstitutional as special legislation laws of
the type cited as authority by the District Attorney,
we think it best to call this to your attention.
Also, we do not believe that Article 3902 is appli-
cable to districts embracing more than one county;
this is borne out by the emergency clause in the
caption to H.B. No. 59."

House Bill No. 59, referred to in your letter, reads
as follows:

"Section 1.  In any Judicial District composed
of three counties, where the population of said

counties totals not less than fifty-six thousand and
one (56,001) nor more than fifty-seven thousand and
fifty-three (57,053), according to the last Federal
Census, the District Attorney shall receive from the
State of Texas as pay for his services the sum of
Five Hundred ($500.00) Dollars per annum, as provided
for in the Constitution, and, in addition thereto,
shall receive the sum of Thirty-five Hundred ($3,500.00)
Dollars, where all commissions and fees of said office
amount to as much; said salary to be paid, however, in
the same manner as now provided for the Five Hundred
($500.00) Dollar payment as fixed by the Constitution.
All commissions and fees allowed District Attorneys
by law, except in escheat cases, shall when collected
be paid to the District Attorney of the Counties in
which such fees and commissions were earned, who shall
pay the same over to the State Treasurer.

"Sec. 2. Any such District Attorney is hereby
authorized to appoint an Assistant District Attorney,
who shall receive from and after March 1, 1931, as a
salary the sum of Three Thousand ($3,000.00) Dollars
per annum, payable by the State of Texas monthly, and
such Assistant shall be removable at the will of the
District Attorney.

"Sec. 3. Any such District Attorney shall also be
authorized to employ two additional Assistant District
Attorneys with the consent of the County Judge of any
county composing said district having the largest popu-
lation of the three counties; one of whom shall receive
a salary of not to exceed Three Thousand ($3,000.00)
Dollars per annum, and one of whom shall receive a sal-
ary of not to exceed Two Thousand Five Hundred ($2,500.00)
Dollars per annum, the same to be payable monthly, and
said District Attorney is further authorized to employ
a stenographer, with the consent of such County Judge,
who shall be paid in the same manner not to exceed One
Thousand Eight Hundred ($1,800.00) Dollars per annum,
and he may also employ two Investigators to be paid in
the same manner, one not to exceed Two Thousand Four
Hundred ($2,400.00) Dollars per annum, and the other not
exceeding Two Thousand ($2,000.00) Dollars per annum;
said last two named Assistants, Investigators and Steno-
grapher shall be paid by said counties in proportion to

Honorable Tom Seay, Page 3

the respective populations of each by warrants
drawn upon the general funds thereof. (under-
scoring ours)

"Sec. 4. Said Assistant District Attorneys
shall have all of the powers now authorized by law
for Assistant District Attorneys, and all of said
employees may be removed at will by the District
Attorney.

"Sec. 5. Said counties shall each be authorized
to pay not to exceed Six Hundred ($600.00) Dollars
per annum to the District Attorney for expenses in-
curred by him in the preparation and conducting of
criminal affairs of said Office, but which shall con-
stitute no part of his salary; said funds to be ex-
pended on the sworn claim of the District Attorney,
to be approved by the County Judge of the respective
counties.

"Sec. 6. Should any section, or part thereof,
be held unconstitutional, it is hereby declared
that it is the legislative intent that the remaining
part of this Act will have been passed without such
invalid section or part thereof.

"Sec. 7. The fact that there is no law providing
adequate salaries for District Attorneys in and for
the above defined districts, and there is no law pro-
viding for the deputies, assistants and stenographers
for such districts, creates an emergency and an emer-
gency and an imperative public necessity that the Con-
stitutional Rule requiring bills to be read on three
several days in each House be suspended and that this
Act shall take effect and be in force from and after
its passage, and said Rule is hereby suspended, and
it is so enacted."

House Bill No. 59, supra, became effective April 15,
1931, and Articles 3886f, Vernon's Annotated Civil Statutes,
became effective November 13, 1935, and reads as follows:

"Section 1. From and after January 1, 1936, in
all Judicial Districts in this State the District
Attorney in each such District shall receive from the
State as pay for his services the sum of Four Thousand

Dollars ($4,000) per year, which said Four Thousand
Dollars ($4,000) shall include the Five Hundred
Dollars ($500) salary per year now allowed such Dis-
trict Attorneys by the Constitution of this State;
providing that in all Judicial Districts in this
State composed of two (2) or more counties in one
(1) of which such counties there is a city contain-
ing the population of not less than ninety thousand
(90,000) inhabitants according to the last preceding
Federal Census, the District Attorney of such District
shall receive from the State as pay for his services
the sum of Five Thousand Five Hundred Dollars ($5,500)
per year, which said Five Thousand Five Hundred Dollars
($5,500) shall include the Five Hundred Dollars ($500)
salary per year now allowed such District Attorneys
by the Constitution of this State. Such salary shall
be paid in twelve (12) equal monthly installments upon
warrants drawn by the Comptroller of Public Accounts
upon the State Treasury. Provided that nothing in
this Act shall be construed so as to deprive District
Attorneys of the expense allowance allowed or which
may hereafter be allowed by law.

"Sec. 2. All monies heretofore appropriated by
the Legislature to pay fees, salaries and per diem
accounts of the officers named in this Act are hereby
reappropriated for the purpose of paying the salaries
fixed by this Act.

"Sec. 3. All fees, commissions and perquisites
which may be earned and collected by District Attorneys
affected by this Act shall be paid into the County
Treasury of the counties in which such fees are earned
for the account of the proper fund.

"Sec. 4. Nothing in this Act shall be construed
to repeal or in any manner affect any law now in exist-
ence with reference to Assistant District Attorneys,
Investigators or Stenographers in Judicial Districts
included in this Act.

"Sec. 5. Nothing in this Act shall affect Criminal
District Attorneys whose district is composed of only
one (1) county."

It is to be noted that the last enactment by the Legislature does not expressly repeal House Bill No. 59, supra. However, the two statutes under consideration, herein, are in pari materia and their provisions in such respect cannot be reconciled. In such circumstances, the older statute will be held to be repealed by implication to the extent of the conflict. It is presumed that the Legislature intended to repeal all laws and parts of laws clearly inconsistent with its later acts. (39 Tex. Jur., page 145)

However, it is to be noted that Section 4 of Article 3886f, specifically provides that nothing in this act "shall be construed to repeal or in any manner affect any laws now in existence with reference to Assistant District Attorneys, Investigators, Stenographers in judicial districts included in this act." House Bill No. 59, supra, was a law in force and effect providing for the appointment of assistant district attorneys, investigators and stenographers, when Article 3886f, was enacted by the Legislature and as expressed in Section 4 of Article 3886f, it was intended that nothing therein could be construed to repeal or in any manner affect any law in existence at the time of the passage of Article 3886f, with reference to the appointment of assistant district attorneys, investigators or stenographers. Therefore, House Bill No. 59 would authorize the district attorneys, in those districts coming within said act to appoint assistant district attorneys, investigators and stenographers as provided therein, notwithstanding the passage of Article 3886f.

We have carefully considered House Bill No. 59, supra, and it is our opinion that said House Bill No. 59 is unconstitutional, for the reasons stated in our Opinions Nos. O-2011, O-735, O-2127, and O-2224, copies of which are enclosed for your information.

Our Opinion No. O-2026 holds that "the commissioners" court has the legal authority and power to allow the district attorney of Johnson County to employ a clerk in compliance with Article 3902, Vernon's Annotated Civil Statutes." Johnson

Honorable Tom Seay, Page 6


County is in a judicial district composed of three counties. We enclose a copy of this opinion for your information.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAR 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams
Assistant


AW:AW

ENCLOSURE



APPROVED
OPINION
COMMITTEE

BY